NEW YORK AND NEW JERSEY WATER COMPANY, APPELLANTS, v. CHARLES E. HENDRICKSON ET AL., STATE BOARD OF ASSESSORS ET AL., RESPONDENTS.

Argued March 7, 1917—Decided June 18, 1917.

Owners of franchises whose business is the sale of their commodities or services, gas, electric current, electric communication, steam or water, with whom the means of transportation—wires or pipes—are only the necessary means of delivering their commodities, are not transportation companies under section 4 of the Voorhees Franchise Tax act of 1900 as amended (*Comp. Stat.*, p. 5299, *pl.* 530), and, consequently, are taxable under section 5 of that act (*Comp. Stat.*, p. 5299, *pl.* 531) on the whole of their gross receipts, irrespective of whether such receipts are from the sale of commodities or for its mere transportation.

On appeal from the Supreme Court, whose opinion is reported in 88 *N. J. L.* 595.

For the appellants, *Franklin W. Fort.*

For the respondents, *Herbert Boggs,* assistant attorney-general.

The opinion of the court was delivered by

SWAYZE, J.   One point raised by the appellants seems to require notice.   It is argued that the franchise tax on a water company under the act of 1903, amending the Voorhees Franchise Tax act of 1900 (*Pamph. L.* 1903, *p.* 232; *Comp. Stat., p.* 5299), must be calculated only upon the gross receipts for transportation.   Hence, it is said, it was erroneous to tax the prosecutor on the whole of its gross receipts, since it owned the water it transported, and to calculate the tax on the whole of the gross receipts was to calculate it, at least in part, on receipts for the sale of water, as distinguished from receipts for its mere transportation.   The tax is fixed by section 5 (*Comp. Stat., p.* 5299, *pl.* 531) at two per centum of the annual gross receipts "as aforesaid."   The reference is to section 4, and the difficulty arises out of the fact that by that section the owner of a franchise is first required to make return of the gross receipts of the business, and later, in the same section, every owner of a franchise having part of its transportation line on private property and part on public streets or places, is required to make return showing the gross receipts for transportation.   The appellants assume that a water company is within the last provision.   The history of the legislation shows the fallacy of this assumption.   The corresponding part of section 4, as originally enacted in 1900 (*Pamph. L., p.* 503), applied only to oil or pipe line companies having part of their transportation line in this state and part in another state and to their receipts for transportation of oil or petroleum.   At that time oil and pipe line companies transporting oil or petroleum having part of their lines in this state and part in another state, were transportation companies called transit companies, and were soon after treated as common carriers by the act of congress known as the Hepburn act.   This view has recently

been sustained by the Supreme Court of the United States. *Pipe Line Cases,* 234 *U. S.* 548.

The legislature, in the act of 1903, dealt with two classes of owners of franchises, one of which was required to make a return of the gross receipts of the business, the other a return of gross receipts for transportation. Probably all owners of franchises affected by the act, *i. e.,* those having the right to use or occupy, and occupying the streets and public places, used the streets for the transportation of their product. Such are the owners of gas plants, electric light plants, telegraph and telephone plants, steam heating plants. If all these are to be dealt with as transportation companies under the later clause, there will be few or none left to make return on the whole of their gross receipts under the earlier clause. What was meant by the later clause was to tax the owners of franchises whose business was transportation, like the New York Transit Company and the National Transit Company. Others whose business was the sale of their commodities or services, gas, electric current, electric communication, steam or water, with whom the means of transportation—wires or pipes— were only the necessary means of delivering their commodities, were taxable on their total gross receipts under the earlier clause. This disposes of the objection to the view of the Supreme Court that the error in apportionment affects only the municipalities and they do not complain. It disposes also of the contention that the apportionment should be made, not according to the length of the line, whether there was one pipe or more, but according to the number of feet of pipe. There is no apportionment necessary in ascertaining the *amount* of the tax, in which alone the appellants are interested. If there has been error in apportioning the amount among the taxing districts, the appellants are not injured thereby.

As to other points raised, we have nothing to add to what was said by the Supreme Court.

We find no error and the judgment is affirmed, with costs.

*For affirmance*—The Chancellor, Garrison, Swayze, Trenchard, Bergen, Black, White, Williams, Taylor, Gardner, JJ. 10.

*For reversal*—None